

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO CARANTO ARCEO, | Case No.:  25-cv-3124-AJB-DDL |
| Plaintiff, | **ORDER PARTIES' STIPULATION TO PLAINTIFF'S ATTORNEYS' FEES, COSTS, AND EXPENSES** |
| v. | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 10, inclusive, | **(Doc. No. 16)** |
| Defendants. | |

On November 10, 2025, Plaintiff Eliseo Caranto Arceo ("Plaintiff") commenced this action against Defendant Jaguar Land Rover North America, LLC ("Defendant"). (Doc. No. 1.) On January 16, 2026, Plaintiff Eliseo Caranto Arceo filed a notice of acceptance of Defendant's offer of judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Doc. No. 13.) Plaintiff attached the offer as Exhibit 1 to his request for entry of judgment. (*Id.*, Ex. 1.) The Court granted the request for entry of judgment (Doc. No. 14) and the clerk entered judgment in Plaintiff's favor in the amount of $28,500.00 (Doc. No. 15). The parties now jointly moved for an entry of order in the amount of $17,000.00 for Plaintiff's attorneys' fees, costs, and expenses. (Doc. No. 16.)

1

Rule 68 of the Federal Rules of Civil Procedure provides in relevant part that

> [a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Accordingly, a plaintiff who accepts an offer of judgment is entitled to "costs then accrued." Fed. R. Civ. P. 68; *Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994). When the term "costs" is used in an offer of judgment, it is read to include all costs awardable under the relevant substantive statute, in this case California Civil Code § 1794(d). *Marek v. Chesny,* 473 U.S. 1 (1985); *Fisher v. Kelly,* 105 F.3d 350 (7th Cir. 1997). In other words, a plaintiff who accepts a Rule 68 offer is entitled to attorneys' fees accrued at the time of the offer so long as the underlying statute provides for costs. *Holland*, 37 F.3d at 503 (citing *Marek*, 473 U.S. at 9).

On January 26, 2026, the parties filed a stipulation as to Plaintiff's fees, costs, and expenses. (Doc. No. 16.) Therein, the parties stipulate to Defendant paying $17,000.00 to resolve Plaintiff's attorneys' fees, costs, and expenses, to be satisfied by March 16, 2026. (*Id.*) After satisfaction of payment, Plaintiff will dismiss this case with prejudice within ten business days against all parties. (*Id.*)

In Defendant's offer of judgment, Defendant states it will "pay Plaintiff's costs, expenses and attorney fees allowable under Federal Rule of Civil Procedure Rule 54(d) and Civil Code sec. 1794(d). Attorney fees authorized by Civil Code section 1794(d) are to be determined by the Court by way of a noticed motion." (Doc. No. 13, Ex. 1 ¶ 2.) The offer of judgment further provides that "Plaintiff may recover for fees and costs reasonably and actually incurred in bringing said noticed motion." (*Id.*)

Rather than filing a noticed motion, the parties filed the instant joint stipulation. (Doc. No. 16.) The Court finds the parties have demonstrated good cause by stipulating to Plaintiff's award of attorneys' fees and costs. *See Meza v. FCA US, LLC*, No. 1:22-CV-

25-cv-3124-AJB-DDL

00828-ADA-EPG, 2023 WL 4305110 (E.D. Cal. June 30, 2023) (finding a joint stipulation good cause for entry of attorneys' fees under Civil Code Section 1794(d)). Thus, the Court **GRANTS** the parties' stipulation and directs Defendant to pay $17,000.00 to Plaintiff by **March 16, 2026**.

      **IT IS SO ORDERED.**

Dated:  January 27, 2026

Hon. Anthony J. Battaglia
United States District Judge

3